UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Kraemer, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank AG and Deutsche Bank Securities Inc.,<br><br>Defendants. | CIVIL ACTION NO. **08-cv-02788**<br><br>**WAIVER OF SUMMONS** |

TO:   Christopher A. Seeger, Esq.
      SEEGER WEISS LLP
      One William Street
      New York, NY 10004

*Attorneys for Plaintiffs*

I, Stephen L. Saxl, acknowledge receipt of your request that I waive service of a summons in the action of RICHARD KRAEMER, Individually, and on behalf of all others similarly situated, against DEUTSCHE BANK AG, which is case number 1:08-CV-02788 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, or the party on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you within 60 days after May 15, 2008, OR Such time as Ordered by the Court.

Date: May 30, 2008

Stephen L. Saxl
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

Counsel for defendant Deutsche Bank AG

---

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons ad complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place, or in a court that lacks jurisdiction over the subject matter of the action, or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.